In re: Wayne CHARLES, Petitioner.

No. 05–2096.

United States Court of Appeals,
Third Circuit.

Submitted Under Rule 21, Fed.
R.App. P. April 29, 2005.

Decided Aug. 4, 2005.

Wayne Charles, Jesup, GA, pro se.

Denise A. Hinds–Roach, Office of United States Attorney, St. Croix, USVI, for Respondent.

Before Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

*Pro se* petitioner Wayne Charles seeks a writ of mandamus to compel the District Court for the Virgin Islands to act in the proceedings on his motion filed pursuant to 28 U.S.C. § 2255. Charles filed his motion on June 7, 2000; he later amended the motion on April 22, 2003, and he also filed motions for summary judgment.

Mandamus is an appropriate remedy only in the most extraordinary of situations. *In re Pasquariello*, 16 F.3d 525, 528 (3d Cir.1994). To justify such a remedy, a petitioner must show that he has (I) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 89 (3d Cir.1992) (citing *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). It is well-settled that the manner in which a district court disposes of the cases on its docket is committed to its sound discretion. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir.1982). Some delays, however, are so intolerable as to warrant appellate intervention. *See Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996).[1]

---

1. To the extent that Charles asks this Court to grant substantive relief with respect to his section 2255 motion, we conclude that his contentions may be asserted in an appeal. *See In re Chambers Dev. Co.*, 148 F.3d 214, 223 (3d Cir.1998) (mandamus is not an alternative to an appeal).

Charles's action in District Court was pending at the time he filed this mandamus petition in April 2005. However, the District Court denied Charles's section 2255 motion and other pending motions by memorandum opinion and order entered July 28, 2005. Thus, the matter before us is now moot.

Accordingly, we will deny the petition for a writ of mandamus.